```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    For Online Publication Only
----------------------------------------------------------------X
LORENA VELASQUEZ, on behalf of J.V.,

                    Plaintiff,

      -against-                                  **ORDER**
                                                 19-CV-4655 (JMA)
SOCIAL SECURITY ADMINISTRATION,

                    Defendant.
----------------------------------------------------------------X
LORENA VELASQUEZ,

                    Plaintiff,

      -against-
                                                 19-CV-4820 (JMA)

SOCIAL SECURITY ADMINISTRATION,

                    Defendant.
----------------------------------------------------------------X
```

FILED
CLERK
10/8/2019 5:12 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Before the Court is the Social Security Administration's motion to consolidate cases 19-CV-4655 and 19-CV-4820. (ECF No. 4.) For the following reasons, this motion is granted.

## I. DISCUSSION

**A. Consolidation of Plaintiff's Complaints**

Under Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "The trial court has broad discretion to determine whether consolidation is appropriate." Johnson v. Celotex Corp., 899 F.2d 1281, 1284–85 (2d Cir. 1990).

Consolidation is appropriate in order to serve the interests of judicial economy. See, e.g., Jacobs v. Castillo, No. 09-CV-953, 2009 WL 1203942, at *3 (S.D.N.Y. Apr. 23, 2009) ("Consolidation would further the goal of 'judicial economy' because discovery in each case is

likely to be identical, motion practice and trial in the two cases would most likely cover the same facts and some identical issues of law."). Specifically, consolidation of cases with common questions of law or fact is favored "to avoid unnecessary costs or delay," Johnson, 899 F.2d at 1284, and to "expedite trial and eliminate unnecessary repetition and confusion," Devlin v. Transp. Commc'n Int'l Union, 175 F.3d 121, 130 (internal citations omitted).

"The Second Circuit has long adhered to the first-filed doctrine in deciding which case to dismiss where there are competing litigations. Where there are several competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." Kellen Co. v. Calphalon Corp., 54 F. Supp. 2d 218, 221 (S.D.N.Y. 1999) (internal quotation marks, alterations, and citations omitted); accord Adam v. Jacobs, 950 F.2d 89, 92 (2d Cir. 1991); First City Nat'l Bank & Trust Co. v. Simmons, 878 F.2d 76, 79 (2d Cir. 1989). The first-filed rule seeks to conserve judicial resources and avoid duplicative litigation. See Adam, 950 F.2d at 92; First City Nat'l Bank & Trust Co., 878 F.2d at 80; Kellen, 54 F. Supp. 2d at 221.

Here, the complaints filed by plaintiff Lorena Valasquez in both matters allege that the Social Security Administration owes $5,000 for unpaid Social Security Insurance benefits to her son, J.V. Accordingly, in the interest of judicial economy, the Court orders that plaintiff's complaints be consolidated pursuant to Federal Rule of Civil Procedure 42 into the first filed case, 19-CV-4655. The Clerk of Court is directed to: (1) consolidate these actions; and (2) mark 19-CV-4820 closed. All future filings are to be docketed in only 19-CV-4655.

## II. CONCLUSION

The Court orders consolidation of these actions into Plaintiff's first-filed complaint, 19-CV-4655, and all future filings shall be made only under docket number 19-CV-4655. The Clerk of the Court is directed to close the case assigned docket number 19-CV-4820. The Clerk of the Court is also directed to mail a copy of this Order to the pro se plaintiff.

**SO ORDERED.**

Dated: October 8, 2019
Central Islip, New York

                /s/ (JMA)
              JOAN M. AZRACK
              UNITED STATES DISTRICT JUDGE